## F. W. Brinkmeyer, Appellee, v. Fred Miller Brewing Company, Appellant.

STATUTE OF FRAUDS—*when lease within.* A lease of real estate covering the period of a year if executed by a purported agent of the owner is within the Statute of Frauds unless the authority of such agent to execute such lease is in writing.

Appeal from the Circuit Court of Macon county; the Hon. WILLIAM C. JOHNS, Judge, presiding. Heard in this court at the May term, 1911. Reversed with finding of fact. Opinion filed October 9, 1911.

REDMON & HOGAN, for appellant.

HENSON & GILBERT, for appellee.

MR. JUSTICE FROST delivered the opinion of the court.

This is a suit brought by appellee to recover rents alleged to be due under a certain lease which he claims appellant, Fred Miller Brewing Co., entered into with him concerning a certain building in the city of Decatur. Judgment was obtained in the Circuit Court for $132.16, and an appeal was taken by appellant. Appellee, Brinkmeyer, owned a double brick building in said city, and he claimed appellant entered into said lease through its agent, John A. Lasswell, June 14, 1910. Lasswell, who lived in Bloomington, and claimed to be an agent of appellant, commenced negotiations for the renting of a part of the double building of appellee, to be used for a saloon, and the same day Lasswell drew up two leases, on printed forms, which, it is claimed, were the kind used by appellant, and the same were signed in duplicate by Brinkmeyer, and sent by Lasswell to appellant. After the leases were mailed to appellant, Lasswell concluded that he did not want any other person to rent the other part of the building for a saloon, and suggested that a clause be placed in the lease to that effect, and wrote a letter to appellee suggesting the placing of such a clause in the lease. A letter was then sent to appellee, purporting to be signed by appellant, per H. W. Boese, requesting leave to insert such a clause in the lease. No evidence was introduced showing the connection of Boese with appellant, or proof of his authority to act in writing the letter. Appellant, afterwards, sent an agent to Decatur to investigate the matter of leasing, and having done so, concluded not to enter into the contract of leasing, and on July 23, appellant wrote to Lasswell informing him of their investigation and conclusion not to use the lease, and Lasswell, in a few

days, reported the decision of appellant to appellee at Decatur.

The lease, as drawn, purported to be for a term of two years from July 1, 1910. Appellant never entered into possession of the premises, but in the latter part of June, 1910, Lasswell advanced one month's rent from his own pocket, to apply upon the lease. Appellant in its pleas, denied under oath, the making of the lease, and invoked the Statute of Frauds as a defense. There is no proof in the record that Lasswell was authorized in writing or otherwise to execute the lease, and without such proof his actions could not bind appellant. Without proof of either the authority of Lasswell or Boese to act for appellant in this matter, appellee was not entitled to recover under the pleadings, and the judgment must be reversed.

*Judgment reversed with finding.*

The clerk of this court will incorporate in the judgment a finding of fact that the defendant neither executed the lease prepared nor ratified the action of Lasswell.